The **HANOVER FIRE INSURANCE COMPANY OF NEW YORK** et al., Appellants,

v.

**Joe C. IVEY and Pat R. Ivey, Apellees.**

No. 7521.

United States Court of Appeals Fourth Circuit.

Argued Nov. 26, 1957.

Decided Dec. 12, 1957.

Joseph L. Nettles, Columbia, S. C., for appellants.

W. S. Houck, Florence, S. C. (Willcox, Hardee, Houck & Palmer, Florence, S. C., on brief), for appellees.

Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.

PER CURIAM.

This is an appeal from a verdict and judgment for plaintiff in an action on an insurance policy, which covered the "Patricia Manor", a hotel at Myrtle Beach, S. C., damaged during the course of hurricane "Hazel" on October 15, 1954. The policy covered loss caused by "windstorm" but excluded loss caused by water "whether driven by wind or not". The case was heard by a jury, which found a verdict for plaintiff; and the

only question raised by the appeal is the sufficiency of the evidence to take the case to the jury.

There was evidence that a part of the foundation of the building was washed away by water; but there is evidence also that the building was badly damaged by the wind before the water reached it and that, even after the washing away of a part of the foundation, the building would have stood until it could have been repaired, if the wind had not changed and blown against it in such way as to completely wreck it. The evidence favorable to plaintiff was correctly summarized in a question to an expert witness who testified that in his opinion the damage was caused by the wind and that, notwithstanding the washing away of the part of the foundation, the building would otherwise have stood indefinitely. That testimony is as follows:

"Q. Assuming, Mr. Cooney, that the building, the Patricia Manor, was subjected to winds of a velocity up to 40 miles per hour prior to any water reaching the building, and assuming that before any water reached the building, the building had begun to develop cracks in the plaster, and that a sprinkler system attached to the ceiling in the building had burst, and that the building was creaking and cracking, and that thereafterwards a portion of the foundation at the front and to the side of the building, with which you are familiar, went out, that at that time the front of the building remained as it appears in picture made by Mr. Melton, with the porch still standing and affixed to the building, and with the building having the appearance that it has in Mr. Melton's photograph, and that the building was thereafter subjected to wind pressures from the northwest of a velocity up to 92 knots per hour, I will ask you if you formed an opinion, based on those hypothetical facts, as to what was the cause of the damage to the building? A. I believe you refer to—that last wind should be from the southwest.

"Q. From the southwest. I beg your pardon. It is hard to keep them straight.

"The Court: First, have you formed or expressed an opinion as to the cause of the damage?

"Q. Have you formed an opinion? A. Yes, sir. I formed the opinion that it was caused by the wind. * * *

"Q. Mr. Cooney, in inspecting this building you saw what footings and piers had been removed? A. Yes, sir.

"Q. And you took that into consideration, did you, or not, in forming the opinion that you have expressed? A. I took that into consideration, yes.

"Q. Have you formed an opinion as to whether or not the building, after the water receded, would or would not have stood indefinitely thereafterwards or for what period under normal wind pressures? A. I would have said that it would have stood for an indefinite period, sir."

■■ It is elementary that, on motion for a directed verdict, the testimony must be considered in the light most favorable to the party against whom the directed verdict is asked; and, when the evidence here is so considered, there can be no question but that plaintiff has made a case for the jury's consideration. See Glens Falls Ins. Co. v. Vestal, 4 Cir., 244 F.2d 78. The point is made that plaintiff has not sufficiently shown what part of his damage was caused by wind and what by water; but there was direct testimony as to the amount of the wind damage, if plaintiff's contention as to how the damage occurred is accepted, and likewise testimony as to the amount of damage due to the washing away of the part of the foundation shown to have been due to action of the water.

Affirmed.